UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOLLYVALE RENTAL HOLDINGS, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY G. KLEPEIS, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 17-CV-1734 JLS (BLM)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) REMANDING CASE**<br><br>(ECF Nos. 1, 2) |

    Presently before the Court is Plaintiff Timothy G. Klepeis's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.) Also before the Court is Plaintiff's Notice of Removal. ("Notice," ECF No. 1.)

**IFP MOTION**

    All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Defendant has submitted an affidavit indicating that he has received no income over the past twelve months. (IFP Mot. 1–2.[1]) Nor does he expect that to change going forward. (*Id.*) Specifically, Defendant notes that he is unemployed, seeking medical care for health issues, and unable to work. (*Id.* at 5.) However, Defendant also notes that he spends roughly $500 a month on rent, food, and other expenses. (*Id.* at 4–5.) This at the very least suggests that Defendant either has some other source of income or has not fully explained his financial situation to the Court. Given the discrepancy between Defendant's claimed monthly income and his claimed monthly expenses, the Court is unable to determine whether Defendant's affidavit is credible and thus cannot accurately assess his ability to pay the $400 civil filing fee. Accordingly, the Court **DENIES** Defendant's Motion to Proceed IFP.

## NOTICE OF REMOVAL

**I.     Legal Standard**

In cases "brought in a State court of which the district courts of the United States have original jurisdiction," defendants may remove the action to federal court. 28 U.S.C. § 1441(a). Section 1441 provides two bases for removal: diversity jurisdiction and federal question jurisdiction. Federal courts have diversity jurisdiction "where the amount in controversy" exceeds $75,000, and the parties are of "diverse" state citizenship. 28 U.S.C. § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

/ / /

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

The party invoking the removal statute bears the burden of establishing that federal subject-matter jurisdiction exists. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

"[F]ederal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

## II.  Analysis

Because the Court lacks subject-matter jurisdiction, removal was improper. Defendant removes on the basis of federal question jurisdiction under 28 U.S.C. § 1331, (Notice 2), but the operative state court complaint does not present a federal question.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Similarly, Article III of the U.S. Constitution grants federal courts the power to hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States . . . ." *Id.* Although the "arising under" language of § 1331 mirrors the language used in Article III, courts have construed § 1331 more narrowly. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908).

The Supreme Court has interpreted "arising under" in Article III to grant federal courts jurisdiction when federal law "forms an ingredient of the original cause." *Osborn v. Bank of the U.S.*, 22 U.S. 738, 822–25 (1824). For purposes of § 1331, however, federal courts must apply the "well-pleaded complaint rule." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). A cause of action arises under federal law for purposes of § 1331, and is therefore a basis for removal, "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." *Id.* (quoting *Mottley*, 211 U.S. at 152).

There is no federal question presented in Plaintiff's underlying complaint. This is solely an unlawful detainer action governed by California law. (*See* ECF No. 1-1 (noting that the action is based on California Code of Civil Procedure section 1161a).) Defendant argues that federal question jurisdiction exists because Plaintiff's actions allegedly violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605.13. (Notice 2.) But this claim does not appear on the face of Plaintiff's complaint. And even if such claims appeared as federal defenses to Plaintiff's alleged actions, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . ." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original).

Accordingly, the Court finds that Plaintiff's complaint does not state a federal question.[2] And when it appears that, prior to final judgment, this Court lacks subject-matter jurisdiction, the proper remedy is to remand the case. *See* 28 U.S.C. §1447(c).

## CONCLUSION

In light of the foregoing, the Court (1) **DENIES** Defendant's Motion to Proceed IFP (ECF No. 2); and (2) **REMANDS** this action to the Superior Court of California, County of San Diego.

**IT IS SO ORDERED.**

Dated: September 7, 2017

Hon. Janis L. Sammartino
United States District Judge

---

[2] Furthermore, in his "Prayer for Relief" section, Plaintiff notes that the "amount in controversy exceeds the sum of $75,000" and thus the court "has jurisdiction of the action pursuant to 28 U.S.C. § 1332(a)." (Notice 5.) However, Plaintiff has not shown that the other requirements of § 1332(a) are met in the present case; specifically, he has not demonstrated that there is diversity of citizenship between him and Plaintiff.